UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
Enid Amos,

                             Plaintiff,

                  -against-

Dynamic Recovery Solutions, LLC.,

                          Defendant.
-----------------------------------------------------X

Civil Action No.: 1:13-CV-584 [FJS/CFH]

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

      Now comes Plaintiff Enid Amos (hereinafter referred to as "Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Dynamic Recovery Solutions, LLC. (hereinafter referred to as "Dynamic Recovery Solutions, LLC."), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collections practices, and respectfully sets forth, complains and alleged, upon information and belief, the following:

<u>PARTIES</u>

1.     Plaintiff is a resident of Prince Georges County, and at all relevant times herein, Plaintiff maintained her residence at ██████████ Lane Bowie, Maryland 20715.

2.     At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

3.     Upon information and belief, Defendant is a foreign limited liability company created under the laws of the State of South Carolina with its registered agent, the New York Secretary

1

of State, located in the County of Albany, at the New York Department of State, One Commerce Plaza, 99 Washington Ave., Albany, New York 12231.

4.      Upon further information and belief, Defendant is engaged in the business of collecting incurred and allegedly incurred debts.

5.      Upon further information and belief, Defendant maintains its principal place of business at 135 Intersate Blvd., Suite 6, Greenville, South Carolina, 29615.

6.      Upon information and belief and at all relevant times herein, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

7.      Upon information and belief, on a website maintained by Defendant at the URL address of www.gotodrs.com, Defendant informs visitors to the site "Dynamic Recovery Solutions is a sophisticated, full service debt collection agency".

8.      Upon information and belief, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the requirements of the FDCPA.

9.      Upon information and belief, Defendant was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(5) of the FDCPA.

10.      Defendant engaged in various "communications" with Plaintiff as that term is defined in 15 U.S.C. §1692a(2).

11.      Upon further information and belief, at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

12.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692 *et seq*., and 28 U.S.C. §2201.

13.     If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(3).

## FACTS

15.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

16.     Plaintiff allegedly incurred a debt to ACE (referred to hereinafter as the "Alleged Debt").

17.     Upon information and belief, the nature of Alleged Debt is the type of debt the FDCPA was designed to regulate.

18.     Upon information and belief, Plaintiff filed for bankruptcy in the Middle District of Tennessee, Bankruptcy Petition # 3:03-bk-03319, on March 10, 2003.

19.     Plaintiff's estate was fully administered and the Bankruptcy Court ordered the discharge of Plaintiff's estate on April 4, 2006.

20.     Upon information and belief, the Alleged Debt was included in the discharged estate.

21.     Beginning in or around October 2012, Defendant commenced collection activities against Plaintiff to recover the Alleged Debt.

22.     Defendant knew or should have known that this debt was discharged in bankruptcy and was not collectable.

23.     Defendant had no legal right to collect the Alleged Debt and misrepresented in its collection letter that it was allowed to collect the Alleged Debt, and that the Alleged Debt was collectable.

24.     As a result of the Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

25.     As a direct consequence of Defendant's deceptive acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e

26.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

27.     Defendant violated 15 U.S.C. §1692e in that Defendant used false, deceptive and misleading representations in attempt to collect the Alleged Debt when it knew or should have known that the Alleged Debt had been discharged in bankruptcy and was not able to be collected on..

28.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(2)

29.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30.     Defendant violated 15 U.S.C. §1692e(2) in that Defendant misrepresented the character amount and legal status of the Alleged Debt by failing to state that this debt was already discharged in bankruptcy.

31.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### THIRD CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(10)

32.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33.     Defendant violated 15 U.S.C. §1692e(10) in that Defendant used false representation and deceptive means in attempt to collect the Alleged Debt.

34.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### FORTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692f

35.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

36.     Defendant violated 15 U.S.C. §1692f in that Defendant used unfair and unconscionable means in its attempts to collect the Alleged Debt from Plaintiff when it attempted to collect a debt which had already been discharged in bankruptcy.

37.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### FIFTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692f(1)

38.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "37" herein with the same force and effect as if the same were set forth at length herein.

39.     Defendant's conduct violated 15 U.S.C. §1692f(1) in that Defendant attempted to collect an amount already discharged in bankruptcy, and thus not authorized by an agreement or permitted by law.

40.     As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### DEMAND FOR TRIAL BY JURY

41.     Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Enid Amos demands judgment from the Defendant Dynamic Recovery Solutions, LLC. as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

C.   For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
         May 20, 2013

Respectfully submitted,

By:   ___ s/ Jacob J. Scheiner _____
      Jacob J. Scheiner, Esq. (517972)
      Fredrick Schulman & Associates
      Attorneys at Law
      Attorney for Plaintiff
      30 East 29TH Street
      New York, New York 10016
      (212) 796-6053
            jscheiner@fschulmanlaw.com